THOMPSON *v.* BUCHANAN.

Opinion delivered May 20, 1918.

SALE OF LAND FOR DEBT—VOID SALE—RIGHT OF PURCHASER—SUBROGA-
TION.—Land was sold under execution to satisfy a debt, and pur-
chased by one A., the purchase money being applied on the debt.
The sale was later declared to be void. *Held,* A. had a lien on the
property for the amount of the purchase money paid by him.

Appeal from Sharp Chancery Court, Southern District; *Geo. T. Humphries,* Chancellor; affirmed.

The appellant, *pro se.*

1. The complaint does not allege that Sharp County had any lien on the lands. 50 Ark. 361.

2. The money paid satisfied only a part of the judgment. Appellee must show full satisfaction and discharge of the lien before he is entitled to subrogation. 50 Ark. 361; 90 *Id.* 51; 96 *Id.* 594; 76 *Id.* 245; 34 *Id.* 113.

3. Sharp County was not made a party to the suit. Appellee did not allege that he bought the land in good faith, believing he would get a good title. He knew that

the execution and sale were void at the time he purchased. 50 Ark. 361; 56 *Id.* 563; 114 *Id.* 175.

*David L. King,* for appellee.

1.   The judgment was a lien upon the lands. Though the execution sale was void, yet appellee's money was credited in the judgment, and appellant received full benefit of the payment. The judgment was satisfied *pro tanto,* and appellee was clearly entitled to subrogation. 50 Ark. 365; 29 *Id.* 47; Freeman, Void Jud. Sales, § 51.

2.   Full satisfaction of the judgment was not necessary. Appellant could not interpose such a defense; only the State or county. 68 Ark. 71; 69 *Id.* 43; Sheldon on Subrogation (2 ed.), § 128; Cent. Dig. Subrogation, § § 44, 96, 98. The county was made a party. Full satisfaction of the judgment was not necessary in this case and cases cited by appellant do not apply. Here appellee was not a surety nor in any way liable for the debt. 96 Ark. 601; 90 *Id.* 55. Here an innocent party paid his money in satisfaction *pro tanto* of the debt of another and is clearly entitled to subrogation. 114 Ark. 175.

3.   The decree is right on the whole case, and should be affirmed. 43 Ark. 220; *Ib.* 553; 50 *Id.* 68; 64 *Id.* 236; 62 *Id.* 228, etc., etc.

STATEMENT OF FACTS.

Sharp County, for the use of district school and district road funds of said county, sued John W. Thompson, the ex-treasurer of Sharp County, for funds, which it alleged that he had failed to pay over. The county obtained judgment against him. Thompson's lands were sold to satisfy the judgment, and Buchanan was a purchaser at the sale, and paid for the lands purchased by him the sum of $1,525, which sum was credited on the judgment against Thompson in favor of the school and road districts of the county.

Thompson afterwards instituted an action in the chancery court to set aside the sale, and succeeded in so doing. He also obtained an order restraining the sheriff

from making deeds to Buchanan, the purchaser at the sale.

Buchanan then brought this action against Thompson and Sharp County, setting up in his complaint the above facts and asking for judgment in that sum, $1,525 with interest (6 per cent.), and that he be subrogated to the judgment lien in favor of the road and school districts against Thompson.

Thompson filed a general demurrer to the complaint and also answered, denying the material allegations.

Upon a trial of the merits the court found that the lands belonging to Thompson were levied upon and sold on a void execution and that Buchanan was not a party to the original suit in which the judgment was rendered against Thompson, but was a purchaser of the lands at the sale under an execution issued on such judgment; that the sale was void; that Buchanan paid the sum of $1,525 to the county which was credited on the amounts due on the judgment that had been rendered in favor of Sharp County against Thompson as alleged in the complaint. The court further found that the liability of Thompson, upon which judgment had been rendered against him in the circuit court, was for a trust fund; that Sharp County as the original creditor for the use of the road and school districts had a lien by virtue of the judgment.

The court then rendered a decree in favor of Buchanan against Thompson in the sum of $1,525 with interest, and decreed that he should be subrogated to all the rights of Sharp County in the lands, which were described in the decree; and ordered that the same be sold unless the judgment was satisfied within 90 days. From that decree is this appeal.

WOOD, J., (after stating the facts). It was shown that the county obtained judgment against the appellant in the sum of $2,653.18. The appellant contends that the appellee was not entitled to subrogation until he had

shown that he had fully satisfied the judgment in favor of the county against appellant, citing a line of cases which hold that a surety or one originally liable for the debt, a portion of which he has paid, can not be subrogated for the amounts so paid to the rights of the creditor unless the debt has been fully paid.

But the above doctrine can have no application to the facts of this record. Here the undisputed evidence shows, and it is admitted, that the amount paid by the appellee on his purchase went *pro tanto* to satisfy the judgment in favor of the county against the appellant. The county is not complaining that the full amount of its judgment has not been paid, and the appellee was not liable either originally or as a surety for the amount of the judgment which was rendered in favor of the county against appellee.

The court found that the sale was void, but the appellee, nevertheless, had purchased at the sale, paid out his money which the county had received, and by virtue of this payment appellant had received a credit on his judgment to the amount of this payment. The record shows that the cause was heard upon oral testimony and that has not been abstracted by the appellant. Therefore, it will be presumed in favor of the finding of the trial court that the evidence showed that the appellee purchased in good faith. The judgment in favor of the county was a lien upon appellant's land and the money paid by the appellee reduced the debt, and relieved appellant to that extent.

In *Meher* v. *Cole,* 50 Ark. 365, we said: "We entertain no doubt but that one whose bid at a void judicial or execution sale discharges an encumbrance on the land, can have restitution to the extent of the lien discharged before the defendant in the void proceeding, or his heirs, can recover the land so purchased by him, if his purchase is made in good faith, under the belief that he is acquiring the title.

The doctrine of subrogation rests upon the natural principle of equity and justice. Appellee having pur-

chased under the honest belief that he was getting the. property sold and his money having been applied for the benefit of the appellant in paying his debt and removing *pro tanto* the lien that was upon the property it would be highly inequitable and against good conscience to permit appellant to hold his property free from any lien of the appellee, while at the same time enjoying the ful benefit of the payment. Such was the doctrine announced by this court in the case of *Cowling* v. *Britt,* 114 Ark. 175, and it is exceedingly applicable here.

The decree is in all things correct and is affirmed.